**Not For Publication**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| JAMES LA VELL HARRIS | No. C-11-6209 NJV |
| Plaintiff, | **ORDER GRANTING COUNTY OF LAKE AND RODNEY MITCHELL'S MOTION TO DISMISS AND SCREENING CLAIMS AGAINST K.C. GRISBY** |
| v. | |
| LAKE COUNTY JAIL, et al. | |
| Defendant(s). | (Doc. No. 12) |

## INTRODUCTION

Plaintiff "Smiley" James La Vell Harris ("Harris") filed a pro se civil rights action under 42 U.S.C. § 1983 against County of Lake ("County") and Sheriff Rodney Mitchell ("Mitchell") (collectively, "Defendants"), and against nurse K.C. Grisby ("Grisby"). Harris alleges that during his September 2011 four-day incarceration at Lake County Jail, Defendants denied him access to medical marijuana, a wheelchair, and a "no-standing chrono" that would allow Harris to stay seated during the jail's daily formal standing counts.[1] Defendants move to dismiss the complaint on the ground that the claims are barred by collateral estoppel, and in the alternative, that Harris fails to state any claims. Doc. No. 12.[2] Plaintiff opposes the motion. Doc. No. 23. The Court heard oral argument on April 10, 2012. Based upon the argument of the parties, the papers filed, and for the reasons stated below, the Court grants the motion to dismiss with leave to amend certain claims as

---

[1] Plaintiff has filed a number of actions in state and federal courts alleging the same purported violations occurred during different periods of incarceration. *See* Doc. No. 23 (RJN) Ex. B (May 26, 2009 Lake County Superior Court Order Denying Petition for Writ of Habeas Corpus) & Ex. D (May 2, 2011 Order granting motion for summary judgment filed by County and Mitchell in Case No. C-09-3168). The Court grants Defendants' request to take judicial notice of these court documents.

[2] Grisby answered the complaint. *See* Doc. No. 16.

described below. Furthermore, the Court screens the Complaint as to Grisby pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and dismisses it in part, with leave to amend certain claims as described below.

## JURISDICTION

This is a 42 U.S.C. § 1983 action alleging violations of numerous articles of the United States Constitution. This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331. All parties consent to the jurisdiction of this Court pursuant to 28 U.S.C. § 636(c).

## BACKGROUND

**I.     The Current Complaint**.

As appropriate on a motion to dismiss, all well-pleaded allegations in the complaint (Doc. No. 1 ("Compl.")) are assumed to be true. These allegations are as follows:

Plaintiff was arrested on September 3, 2011 and detained at the Lake County Jail for four days. Compl. ¶ 16. Plaintiff informed the staff that he suffered from degenerative disc disease, and notified staff that due to his religious beliefs, the only treatment for his chronic pain was medical marijuana. *Id*., ¶ 17. Plaintiff does not allege that he held a valid prescription for medical marijuana at the time of his detention. Defendants and Grisby denied him access to marijuana throughout the next four days. Standing or walking caused Plaintiff "extreme pain." *Id*., ¶ 18. "Custodial staff" forced Harris to stand for the thrice-daily formal count and threatened him with discipline if he did not comply. *Id*. At sick call, Grisby informed Harris that he would not be able to use medical marijuana and denied his request for a wheelchair and a no-standing chrono. *Id*., ¶ 21. As a result, Harris crawled on the floor of the jail on his hands and knees. *Id*.

Harris alleges on information and belief that defendant Mitchell was aware of Harris' condition and the treatment he needed to manage his chronic pain (Compl. ¶ 10), but does not allege that he had any contact with Mitchell, that Mitchell made any of the medical decisions of which Harris complains, or that Mitchell was directly involved in any decision pertaining to Harris' care.

The Complaint references the First, Fourth, Eighth and Fourteenth Amendments of the United States Constitution; the California State Constitution (§§ 1, 2, 3, 4, 7, 17, 19); 42 U.S.C. §§ 1981, 1983, and 1985; and California Civil Code §§ 51.7, 52(a), 52.1, 52.1(a), and 52.3. Harris merely lists these Constitutions and statutes at various points in the Complaint (Compl. ¶ 1; Prayer for Relief), but he does not tie them to any factual allegations or appear to assert claims based on

most of them. At the hearing, Harris confirmed that he was not making any claims based on California state law. The Complaint asserts three purported causes of action: (1) "Denial of Doctor Recommended 'Pain Treatment;'" (2) "Denial of a Wheelchair;" and (3) "Denial of a No-standing Chrono." Harris seeks declaratory and injunctive relief, as well as compensatory and punitive damages.

## II. Prior Decisions Involving Harris.

Harris has raised similar issues before different courts on several occasions in the last seven years. Three of these opinions are instructive.

### A. *Harris v. Lake County Jail*, N.D. Cal. Case No. 09-3168 (2009).

Harris alleged that the refusal to provide him medical marijuana, a wheelchair, and a no-standing chrono during a 2009 incarceration violated his rights. After the district court screened the complaint pursuant to 28 U.S.C. § 1915A, the sole claim remaining was one for deliberate indifference to a prisoner's serious medical need, in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. *See Harris*, 2010 U.S. Dist. LEXIS 39441 (N.D. Cal. Apr. 10, 2010). Subsequently, the district court concluded that there was no triable issue of material fact as to this claim, however, since (1) there was no evidence that Harris had a "lifetime" prescription for medical marijuana or a valid medical marijuana prescription at the time of his incarceration in 2009; (2) Harris did not suffer from any condition preventing him from walking or standing without the use of marijuana; and (3) Harris was offered pain treatment by the defendants but refused to consider any treatment besides medical marijuana. *See Harris*, 2011 U.S. Dist. LEXIS 46792 (N.D. Cal. May 2, 2011).

Based on these findings, the court concluded that Harris did not have a serious need for medical treatment, and that the defendants were not deliberately indifferent to his needs. *Id*. Furthermore, the court concluded that Mitchell was not in charge of the jail's medical department, did not make medical decisions, and did not direct medical staff in those decisions. *Id*. at *20  The court did not reach defendants' res judicata or qualified immunity arguments. Harris appealed the order granting summary judgment, and that appeal is currently pending before the Ninth Circuit.

### B. *In re Smiley Harris*, Lake County Superior Court Case No. CR 918233 (2009).

Harris filed a petition for writ of habeas corpus, alleging a number of grounds for relief. *See* Doc. No. 23 (RJN), Ex. A. In relevant part, he alleged that he was denied reasonable accommodation for his medical condition because the jail would not give him medical marijuana, a wheelchair, and a no-standing chrono. The Superior Court denied the writ, holding that "possession of marijuana in the county jail is prohibited by Penal Code §§ 4573.6 and 4573.8. Those sections of the penal code are not made inapplicable by the Compassionate Use Act of 1996. Health and Safety Code § 11362.5, subd. (d); *Chavez v. Superior Court*, 123 Cal. App. 4th 104, 111 (2004)." Doc. No. 23 (RJN), Ex. B.

### C. *People v. Harris*, 145 Cal. App. 4th 1456 (2006).

In anticipation of reporting to county jail to serve a sentence in an unrelated matter, Harris informed jail officials that he held a valid prescription for medical marijuana and would be bringing his medical marijuana with him to the correctional facility. The facility's chief custody officer and facility commander wrote to Harris, stating he could not bring his marijuana with him, and warning Harris that he would be charged with a felony if he did so. The facility officials cited California Penal Code § 4573.5, which prohibits bringing unauthorized "drugs, other than controlled substances" into a county correctional facility. Harris was searched when he surrendered himself at the facility, and found in possession of a usable amount of marijuana. Harris was charged with the commission of a felony in violation of California Penal Code § 4573.5. On appeal, the parties agreed that Harris entered a county correctional facility with medical marijuana and that he had a "doctor's card" that gave him the right to possess the medical marijuana at that time. *Id*. at 1462-63.

The Court of Appeal reversed the conviction because it found that marijuana was a controlled substance and therefore did not fall into the ambit of Section 4573.5. 145 Cal. App. 4th at 1464-66. The Court of Appeal did not find that Harris had a "lifetime" prescription for medical marijuana, or that Harris suffered from a medical condition that prevented him from walking or standing without marijuana. Nor did it find that Harris was entitled to use medical marijuana in a county correctional facility.

# DISCUSSION

## I. Legal Standard.

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8 "does not require 'detailed factual allegations,'" a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The plausibility standard requires a complaint to plead more than "facts that are 'merely consistent with' a defendant's liability." *Id*.

Dismissal under Rule 12(b)(6) is appropriate if the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *Twombly*, 550 U.S. at 555. Dismissal of a complaint can be based on either the lack of a cognizable legal theory or the lack of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court need not accept conclusory allegations as true. *In re Gilead Sciences Sec. Litig*., 536 F.3d 1049, 1055 (9th Cir. 2008).

The Court construes the complaint liberally because it was drafted by a pro se plaintiff. *Balistreri*, 901 F.2d at 699. When granting a motion to dismiss, the court is generally required to provide pro se litigants with "an opportunity to amend the complaint to overcome deficiencies unless it is clear that they cannot be overcome by amendment." *Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987). In determining whether amendment would be futile, the court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990). Leave to amend should be liberally granted. *Id.* at 296-97.

## II.  Analysis.

### A.  Collateral Estoppel Does Not Bar Plaintiff's Claims At This Point.

Defendants argue the action must be dismissed because these claims already have been resolved by other courts and thus are barred by the doctrine of collateral estoppel. A claim is barred by collateral estoppel if three requirements are met: (1) the issue to be decided in the second lawsuit was decided in an earlier case; (2) there was a final judgment on the merits in the first lawsuit; and (3) the party to be precluded in the second lawsuit must itself have been a party, or in privity with a party, to that first lawsuit. *See Hydranautics v. FilmTec Corp.*, 204 F.3d 880, 885 (9th Cir. 2000). Plaintiff's claims here are not barred by collateral estoppel because no other court has resolved any issue pertaining to Harris' detention in 2011. For example, no court has determined whether Harris had a medical condition in 2011 that required a wheelchair or no-standing chrono. While it has been determined that Harris did not suffer from such a condition in 2009, his condition could have changed in the intervening two years. Nor has any court determined whether Mitchell was Sheriff in 2011 when Harris was incarcerated or what Mitchell's role had in Harris' detention at the time. This Court cannot determine on a motion to dismiss that Harris' medical conditions and conditions of confinement were identical in 2011 to those during earlier incarcerations.

### B.  The Complaint Does Not State A Section 1983 Claim.

To state a claim under 42 U.S.C. § 1983, Harris must allege that a right secured by the Constitution or laws of the United States was violated, and that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Harris alleges that Defendants and Grisby violated three rights secured by the United States Constitution: (1) the Eighth Amendment's prohibition against cruel and unusual punishment; (2) the Fourteenth Amendment's prohibition against discrimination; and (3) the First Amendment right to free exercise of religion.[3] Harris contends that these violations were committed by Grisby and Mitchell, and by

---

[3] Defendants moved to dismiss the Complaint on a number of grounds, but Harris failed to respond to many of the substantive points Defendants raised. Harris instead relied almost entirely on a misreading of the California Court of Appeal's 2006 opinion and California's Compassionate Use Act, Cal. Health & Safety Code § 11362, *et seq*. Defendants' motion to dismiss does not address the First and Fourteenth Amendment Equal Protection claims, but the Court reviews them pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) (court may dismiss *in forma pauperis* case "at any time" if the court determines that it fails to state a claim on which relief may be granted).

6

unidentified "custodial officers" who were not named as defendants in this action. He alleges that Lake County's "policies, practices and/or procedures" caused the violations to occur.

### 1. Eighth Amendment Claim Based On The Denial Of Medical Marijuana.

Inmates alleging that their medical care has been constitutionally inadequate in violation of the Eighth Amendment must allege two elements: (1) a serious medical need, and (2) deliberate indifference to that need by prison officials. *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992) (overruled on other grounds).

Harris fails to allege facts sufficient to establish deliberate indifference to his needs by prison officials based on the denial of medical marijuana. Harris incorrectly argues that California's Compassionate Use Act of 1996 entitled him to use medical marijuana in jail. *See* Cal. Proposition 215, codified in Cal. Health & Safety Code § 11362.5, *et seq*. The Compassionate Use Act does not require correctional facilities to accommodate medical marijuana use by incarcerated persons: "Nothing in this article shall require any accommodation of any medical use of marijuana on the property or premises of . . . any jail, correctional facility, or other type of penal institution in which prisoners reside or persons are under arrest or detained." Cal. Health & Safety Code § 11362.785(a) (2003); *see also Harris*, 145 Cal. App. at 1467 n.7 (California laws "further indicate that penal institution officials have the discretion to exclude medical marijuana from their facilities" consistent with the Compassionate Use Act). While the Compassionate Use Act gives correctional facilities the discretion to permit inmates to use medical marijuana under circumstances that will not endanger the health or safety of other prisoners or the safety of the facility, that discretion can only be exercised for inmates holding an identification card. *Harris*, 145 Cal. App. 4th at 1467-68; Cal. Health & Safety Code § 11362.785(c). Harris does not allege that he had a valid medical marijuana prescription at the time of his incarceration in 2011. Harris only "asserts that he is the individual identified as the 'lifetime' medicinal user of marijuana for the treatment of 'chronic low back pain,' as recognized in *People v. Harris*, 145 Cal. Ap. 4th 1456." Compl., ¶ 5. As discussed above, the California Court of Appeal neither found that Harris had chronic low back pain nor that he had a "lifetime" prescription for marijuana. *See supra*, at 4; *see also Harris*, 2011 U.S. Dist. LEXIS 46792, \*\*16-18 (N.D. Cal. May 2, 2011) (while parties stipulated that Harris had a "doctor's card" authorizing him to use medical marijuana at the time of his 2005 conviction, "Harris no longer had a

7

current prescription for medical marijuana at the time of his 2009 incarceration"). Use of marijuana without a prescription is unlawful. *See, e.g.*, Cal. Penal Code 4573, 4573.8; *see also* Cal. Health & Safety Code § 11362.785(c). Based on the allegations of the Complaint, Harris could not have accessed marijuana in jail under California law even if the jail availed itself of the discretion provided by the Compassionate Use Act.

Moreover, Harris cannot state a deliberate indifference claim based on the denial of medical marijuana because "there is no constitutional right to demand jail officials to provide Plaintiff with the medicine of his choosing[,]" including medical marijuana. *Thomas v. United States*, 2010 U.S. Dist. LEXIS 36942, \*\*6-7 (S.D. Cal. Apr. 13, 2010) (granting motion to dismiss deliberate indifference claim based on denial of medical marijuana to inmate where inmate did not allege prison officials had failed to offer him any other medication); *Smith v. California State Prison*, 2011 U.S. Dist. LEXIS 130603, \*12 (E.D. Cal. Nov. 10, 2011) (allegation by inmate that he was denied use of medical marijuana does not state a claim under federal law, as "it is well established that mere differences of opinion between a prisoner and prison staff as to the proper course of treatment for a medical condition does not give rise to a § 1983 claim"); *Morris v. Schwarzenegger*, 2010 U.S. Dist. LEXIS 87695, \*3 (S.D. Cal. Aug. 25, 2010) (denial of medical marijuana in state prison does not rise to level of Eighth Amendment violation); *see also Harris*, 2011 U.S. Dist. LEXIS 46792, \*19 (N.D. Cal. May 2, 2011) (granting summary judgment on deliberate indifference claim because, *inter alia*, evidence demonstrated that officials had offered Harris alternative pain relief, medication, physical therapy or exercise, but that patient rejected every option except marijuana).

The Court grants the motion to dismiss Harris' Eighth Amendment claim with respect to the denial of medical marijuana claim, with prejudice. No allegations can cure the defects of this claim.

2. <u>Eighth Amendment Claim Based On Denial Of Wheelchair And No-Standing Chrono.</u>

    a. <u>Grisby</u>

Liberally construed, the Complaint states a cognizable claim for deliberate indifference to Harris' medical needs with respect to actions by "custodial staff" and Grisby's refusal to provide him a wheelchair and a "no-standing chrono." Harris alleges that he suffers from a degenerative disk disease that causes him "extreme pain" when walking or standing unless he medicates with marijuana, and requires him to use a wheelchair and be excused from standing. *See* Compl. ¶¶ 17-

18. He alleges that "custodial staff" was informed of his condition and notified of his chronic pain, but nonetheless required him to stand for the daily count and forced him to crawl to his cell. *Id*. at ¶¶ 17-21, 29, 33. (Plaintiff does not identify the custodial staff involved.) He alleges that Grisby denied him access to a wheelchair and no-standing chrono. *Id*. at ¶¶ 29-30, 32. If the evidence establishes that "custodial staff" or Grisby forced Plaintiff to crawl by denying him a wheelchair and/or forced him to stand for count when it caused him to be in "extreme pain," a reasonable trier of find could conclude that "custodial staff" and/or Grisby were deliberately indifferent to his serious medical needs.

### b. Lake County

Defendants move to dismiss any *Monell* claims against Lake County because Plaintiff does not allege that the conduct of which he complains was the result of a County policy. *See Monell v. Dep't of Social Services*, 436 U.S. 658 (1978). A municipality can be held liable under Section 1983 under three theories: (1) where the implementation of official policies or established customs causes the constitutional injury; (2) where acts or omissions causing the constitutional injury amount to official policy of the municipality; and (3) where an official has ratified the unconstitutional decision or action of an employee of the municipality. *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1249-50 (9th Cir. 2010). A policy can be one of action or inaction and is defined as "a deliberate choice to follow a course of action . . . made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Monell*, 436 U.S. at 690. A municipality may not be sued under Section 1983 solely because an injury was inflicted by its employees or agents. *Id.* at 694.

Harris alleges that Grisby's actions were caused by Lake County policies, practices and/or procedures. Compl. ¶¶ 29, 32. At the hearing, the Court asked Harris to identify the Lake County policy of which he complains. Harris identified only of Lake County's anti-marijuana policy. For the reasons stated above, Harris does not have a constitutional right to obtain medical marijuana in jail, and Lake County's policy regarding medical marijuana in jail neither amounts to deliberate indifference nor is the cause of any constitutional violation. Based on Harris' arguments during the hearing, the Court is unclear whether Harris in fact is attempting to allege any claim against Lake County based on the denial of the wheelchair and no-standing chrono, or whether his claim is based

1  solely on the anti-marijuana policy of Lake County. The Court accordingly grants the motion to
2  dismiss any deliberate indifference claims against Lake County based on the denial of a wheelchair
3  or no-standing chrono with leave to amend. Any amendment cannot be based on the denial of
4  medical marijuana.

### c. Mitchell

Because Plaintiff does not allege any facts showing that Mitchell[4] was personally involved in the deprivation of his civil rights, the claims against Mitchell also must be dismissed. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights. Liability under § 1983 must be based on the personal involvement of the defendant"). Section 1983 liability cannot be imposed on the basis of respondeat superior, and a plaintiff seeking to hold a supervisor liable must show either personal involvement by the supervisor in the constitutional deprivation, or a sufficient causal connection between the supervisor's wrongful conduct and the violation. *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011); *see also Preschooler II v. Clark County School Bd. of Trustees*, 479 F.3d 1175, 1183 (9th Cir. 2007) (section 1983 liability can be imposed for (1) supervisor's own action or inaction in training, supervision, or control of subordinates, (2) supervisor's acquiescence in violations, or (3) conduct by supervisor that shows "reckless or callous indifference to the rights of others"); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (supervisor can only be found liable under section 1983 for constitutional violations if he participated in the violations, or knew of the violations and failed to act to prevent them).

Plaintiff does not allege any facts showing that Mitchell was directly involved in denying him access to a wheelchair or a no-standing chrono, or that there was a causal connection between Mitchell's actions or inactions and the alleged Eighth Amendment violations. The sole references to Mitchell in the Complaint are allegations regarding Mitchell's title and duties (Compl.¶ 7) and

---

[4] In granting summary judgment to defendant Mitchell in 2011, the district court held that it was undisputed that Mitchell was not in charge of the medical department, did not make medical decisions, and did not direct medical staff in those decisions. 2011 U.S. Dist. LEXIS 46792, at *20. Because there is no evidence at this stage in the proceeding regarding Mitchell's role or whether it remained unchanged since Harris' prior incarceration, the Court cannot make the same determination now. Defendants also argue that Mitchell must be dismissed because he was not Sheriff in 2011 when Harris was incarcerated. Doc. No. 12 at 6 n.2. The Court cannot dismiss Mitchell based on a mere representation.

general and conclusory allegations that Mitchell was "personally aware that the practices" at the jail that were prohibited by law (*Id*., ¶ l0) and "that Plaintiff would suffer from additional pain as a result of the alleged invidious practices" (*Id*., ¶ 11).  Plaintiff does not allege that Mitchell had any role in evaluating his medical condition or denying him access to a wheelchair or no-standing chrono; nor does Plaintiff allege Mitchell was even aware that Plaintiff was denied access to a wheelchair and no-standing chrono.  The only specific allegation against Mitchell is that he failed to "properly establish policy, practices and procedures" with respect to the use of medical marijuana in Lake County Jail.  Compl.¶ 24.  As discussed earlier, however, Plaintiff does not state any deprivation of right under any theory with respect to the denial of marijuana.

Plaintiff's Eighth Amendment claim against Mitchell in his individual capacity therefore is dismissed.  Because Plaintiff may be able to add allegations that Mitchell directly participated in decisions pertaining to the wheelchair and no-standing chrono, the claim is dismissed with leave to amend.  The Court cautions Plaintiff that any amendment must be made in good faith and in conformity with Federal Rule of Civil Procedure 11.  As noted above, any claim based on the denial of medical marijuana is dismissed with prejudice.

Finally, because Lake County is a defendant in this action, the claims against Mitchell in his official capacity are redundant and are dismissed, with prejudice, on that additional ground.  *See Vance v. County of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996) (where municipal officials are being sued in their official capacity and the municipality is also named in the suit, claims against individuals in their official capacity should be dismissed).

3.  Fourteenth Amendment Discrimination Claim.

To state a claim for discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment, Plaintiff must allege that Defendants "acted with an intent or purpose to discriminate against [him] based upon membership in a protected class." *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998); *see also Fisher v. City of Pittsburg*, 2008 U.S. Dist. LEXIS 72424 (N.D. Cal. Sept. 24, 2008) (no Fourteenth Amendment violation where "unintentional conduct . . . has disparate impact on minorities").

Plaintiff conclusorily alleges that Defendants discriminated against him and his religion in denying him access to medical marijuana.  Compl. ¶¶ 12-13, 17, 27.  The Court can and will

11

disregard conclusory statements on a motion to dismiss. *Iqbal*, 129 S.Ct. at 1950 (pleadings that are "no more than conclusions" are "not entitled to the assumption of truth"). Disregarding these conclusory statements, it is apparent that no factual allegation in the Complaint supports Plaintiff's claim that Defendants intentionally discriminated against him based on his religion or membership in any other protected class. Plaintiff does not allege that he was singled out by Defendants in any manner, that he was the only inmate who was denied access to medical marijuana, or that he was part of a discrete class of inmates that was denied access to medical marijuana. On the contrary, based on a fair reading of the Complaint, Plaintiff alleges that Lake County Jail has a policy of not allowing any inmates to use medical marijuana (*see, e.g.*, Prayer for Relief, ¶ 2). Plaintiff confirmed at the April 10, 2012 hearing that he alleges that the County prohibits all inmates from using marijuana and that he takes issue with the County's "anti-marijuana policy." Plaintiff also confirmed that he does not allege that the denial of a wheelchair or the no-standing chrono were motivated by a discriminatory intent, but he observed that he was the only inmate being made to crawl on the ground. Even construed liberally, the Complaint fails to state a claim that Plaintiff's rights to equal protection under the Fourteenth Amendment were violated. Because Plaintiff confirmed at the hearing that his discrimination claim is based on the County's uniform "anti-marijuana policy" as applied to all inmates, Plaintiff will be unable to cure the defects of this discrimination claim if given leave to amend. Consequently, the Court dismisses Plaintiff's Fourteenth Amendment Equal Protection claim with prejudice.

To the extent Plaintiff attempts to state a religious discrimination claim under 42 U.S.C. § 1981 or § 1985, the claim fails for the same reason. Plaintiff fails to allege any facts showing that Defendants treated him differently than they treated any other inmate based on his religion, and based on his representations at the hearing, he could not do so if given leave to amend. Plaintiff also fails to plead any facts supporting a conspiracy claim under 42 U.S.C. § 1985. The Court accordingly dismisses these statutory discrimination claims with prejudice.

   4. <u>First Amendment Freedom Of Exercise Claim.</u>

The First Amendment guarantees the right to the free exercise of religion. *Cruz v. Beto*, 405 U.S. 319 (1972). "The free exercise right, however, is necessarily limited by the fact of incarceration, and may be curtailed in order to achieve legitimate correctional goals or to maintain

prison security." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987) (superseded on other grounds by statute, 42 U.S.C. §§ 2000cc, *et seq*.) In order to establish a free exercise violation, a prisoner must show that a defendant burdened the practice of his religion without any justification reasonably related to legitimate penological interests. *See Shakur v. Schriro*, 514 F.3d 878, 883-84 (9th Cir. 2008) (factual issues precluded summary judgment on plaintiff's claim that prison's refusal to provide kosher meat diet violated inmate's constitutional rights). Even if Harris could point to a burden in this instance, it is beyond question that correctional institutions have a legitimate penological interest in regulating marijuana as a controlled substance, an illicit drug, and/or as contraband in their facilities. Plaintiff does not state a First Amendment claim based on Defendants' refusal to allow marijuana use in the jail. The Court further concludes that allowing amendment in this instance would be futile, and dismisses the claim with prejudice.

**D.     Plaintiff Lacks Standing To Seek Declaratory Or Injunctive Relief.**

Plaintiff cannot seek prospective relief because his release from jail has mooted the request for that remedy. *See Dilley v. Gunn*, 64 F.3d 1365, 1368-69 (9th Cir. 1995) (when inmate has been released from prison and there is no reasonable expectation nor demonstrated probability that he will be subjected to the prison conditions from which he seeks injunctive relief, injunctive relief request should be dismissed as moot).

**E.     The Court Screens Plaintiff's Claims Against Defendant Grisby Pursuant To 28 U.S.C. § 1915(e)(2)(B)(ii).**

Plaintiff states a claim against Grisby for deprivation of his Eighth Amendment rights based on the denial of a wheelchair and no-standing chrono.

The Court's analysis in dismissing the claims against Mitchell and Lake County applies with equal force to the claims Plaintiff asserts against Grisby. Accordingly, the Court dismisses with prejudice Plaintiff's Eighth Amendment claim against Grisby to the extent it is based on the denial of access to medical marijuana. Because Plaintiff has not had the opportunity to address the Court regarding his claims against Grisby, the Court dismisses with leave to amend the First Amendment claim against Grisby, and any discrimination claim he asserts against Grisby under the Fourteenth Amendment or under 42 U.S.C. § 1981 or § 1985. Any amendment must not be based on the denial of medical marijuana.

13

### F.     Plaintiff Must Comply With Applicable Local Rules.

The fact that Plaintiff is proceeding in pro per does not excuse him from familiarizing himself with and following all applicable Federal and Local Rules, as well as Standing Orders of this Court. *See Roberson v. St. Anthony Foundation*, 2011 U.S. Dist. LEXIS 37369, *2 (N.D. Cal. Mar. 30, 2011) ("Although Plaintiff is representing himself in this action, he is nevertheless obligated to follow the same rules as represented parties. . . . Self-representation is not an excuse for non-compliance with court rules") (citation omitted).  Pursuant to Civil Local Rule 7-3, any opposition to a motion must be served and filed not more than fourteen days after the motion is served and filed. This time is extended by three days where service is accomplished by mail.  *See* Civ. L.R. 5-5(b). Pursuant to the Court's Standing Orders, "pro se litigants are reminded to deliver in person or mail their filings to the Clerk's Office in San Francisco at Clerk's Office, U.S. District Court, 450 Golden Gate Avenue, 16th Floor, San Francisco, CA 94102" and to deliver chambers copies of filings to Judge Vadas' Chambers in Eureka.

Defendants filed their motion to dismiss and served it by mail on February 29, 2012.  Harris therefore was required to file and serve his opposition on or before March 19, 2012.  Although Plaintiff did not attach a proof of service to his opposition, it appears that on March 19, 2012, he mailed his opposition to counsel for Defendants, and mailed his filing copy to Judge Vadas' Chambers in Eureka.  Defendants did not receive the opposition until March 21, 2012, and it was not filed until March 23, 2012.  *See* Doc. No. at 2, n.1; Doc. No. 23.

Plaintiff is ordered to familiarize himself with the Civil Local Rules and Judge Vadas' Standing Orders and to file all future court documents in conformity therewith.  Future non-conforming documents may be rejected.

## CONCLUSION

The Court **ORDERS** as follows:

Plaintiff's Eighth Amendment claim based on the denial of access to medical marijuana is **DISMISSED WITH PREJUDICE** as to Lake County, Mitchell, and Grisby.

Plaintiff's Eighth Amendment claim against Lake County and Mitchell in his individual capacity based on the denial of access to a wheelchair and a no-standing chrono is **DISMISSED WITH LEAVE TO AMEND**.

14

All claims against Mitchell in his official capacity are **DISMISSED WITH PREJUDICE**.

Plaintiff's First Amendment claim against Mitchell in his individual capacity and Lake County is **DISMISSED WITH PREJUDICE**; Plaintiff's First Amendment claim against Grisby is **DISMISSED WITH LEAVE TO AMEND**.

Plaintiff's discrimination claims against Mitchell in his individual capacity and Lake County are **DISMISSED WITH PREJUDICE**; Plaintiff's discrimination claims against Grisby are **DISMISSED WITH LEAVE TO AMEND**.

Plaintiff's request for injunctive and declaratory relief is **DISMISSED AS MOOT**.

Plaintiff has confirmed on the record that he is not asserting any state-law claims in the Complaint.

Plaintiff shall file and serve any amended complaint within 30 days of the date of this Order; Defendants and Grisby shall respond within 20 days. Any amendment shall not be based on the denial of medical marijuana. **If Plaintiff amends the Complaint by restating claims based on the denial of medical marijuana or adding new claims based on the denial of medical marijuana, the Court will summarily strike those allegations from the amended complaint and sanction Plaintiff $1,000.** If Plaintiff does not file an amended complaint, the Court will proceed only as the Eighth Amendment claim against Grisby based on the denial of a wheelchair and no-standing chrono.

**IT IS SO ORDERED**.

Dated: April 18, 2012

NANDOR J. VADAS
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

JAMES LA VELL HARRIS,

    Plaintiff,

v.

LAKE COUNTY JAIL, et al.,

    Defendants.

No. 11-6209 NJV

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on April 18, 2012, I SERVED a true and correct copy of the attached Order Granting County of Lake and Rodney Mitchell's Motion To Dismiss And Screening Claims Against K.C. Grisby, by placing said copy in a postage paid envelope addressed to the person(s) listed below, by depositing said envelope in the U.S. Mail; or by placing said copy into an inter-office delivery receptacle located in the Office of the Clerk.

James La Vell Harris
P.O. Box 552
Clearlake Park, CA 95424

Dated: April 18, 2012

/s/France Jaffe

France Jaffe
Law Clerk to the
Honorable Nandor J. Vadas