**Not For Publication**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| JAMES LA VELL HARRIS | No. C-11-6209 NJV |
| Plaintiff, | **ORDER VACATING JULY 10, 2012 HEARING AND GRANTING MOTION TO DISMISS CLAIMS AGAINST LAKE COUNTY AND FRANCISCO RIVERO** |
| v. | |
| LAKE COUNTY JAIL, et al. | (Doc. No. 31) |
| Defendant(s). | **ORDER DISMISSING CERTAIN CLAIMS AGAINST K.C. GRISBY** |

## INTRODUCTION

Plaintiff "Smiley" James La Vell Harris ("Harris" or "Plaintiff") originally filed a *pro se* civil rights action under 42 U.S.C. § 1983 against Lake County Jail, former Sheriff Rodney Mitchell, and nurse K.C. Grisby ("Grisby"). The Court dismissed all claims against Lake County and Mitchell, and dismissed some of the claims against Grisby. Harris timely amended his complaint. *See* Doc. No. 30 ("FAC"). The FAC continues to name Lake County Jail[1] and Grisby as defendants, but replaces Mitchell with Sheriff Francisco Rivero ("Rivero") (collectively, "Defendants"). Rivero is named only in his official capacity.

Lake County and Rivero move to dismiss all claims, with prejudice.[2] Grisby answered the amended complaint before it was filed. Doc. No. 29. The Court takes the matter under submission

---

[1] Municipal departments are not proper defendants in Section 1983 actions. Thus, while Plaintiff has sued Lake County Jail, the proper defendant is Lake County. *See Vance v. County of Santa Clara*, 928 F. Supp. 993, 995-96 (N.D. Cal. 1996).

[2] Rivero has not yet been served with process, as Plaintiff is proceeding *in forma pauperis*, and the Court has not ordered service on this new defendant. By responding to the complaint without objecting to insufficiency of process, service of process, or personal jurisdiction, Rivero has waived any defenses on those grounds. Fed. R. Civ. Proc. 12(h). Rivero also consented to the jurisdiction of this Court. *See* Doc. No. 34.

without oral argument and vacates the hearing scheduled for July 10, 2012. *See* Civ. L. R. 7-1(b). For the reasons stated below, the Court grants the motion to dismiss the claims against Lake County and Rivero, with prejudice. In addition, the Court screens the claims against Grisby pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and dismisses certain claims against Grisby.

## JURISDICTION

This is a 42 U.S.C. § 1983 action alleging violations of the United States Constitution. This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331. All parties have consented to the Court's jurisdiction pursuant to 28 U.S.C. § 636(c).

## ALLEGATIONS OF THE FAC

Plaintiff alleges that he was arrested on September 3, 2011, and detained at the Lake County Jail for four days. FAC ¶ 18. Plaintiff informed the staff that he suffered from degenerative disc disease, and notified staff that due to his religious beliefs, the only treatment for his chronic pain was medical marijuana. *Id*. at ¶ 19. Because Plaintiff was denied access to medical marijuana, standing or walking caused Plaintiff "extreme pain." *Id*. at ¶ 20. "Custodial staff" forced Harris to stand for the thrice-daily formal count and threatened him with discipline if he did not comply. *Id*. At sick call, Grisby denied Harris' request for a wheelchair and a no-standing chrono. *Id*. at ¶ 23. As a result, Harris crawled on the floor of the jail on his hands and knees. *Id*. Plaintiff alleges on information and belief that Defendants were personally aware of his condition, subjected him to religious discrimination and cruel and unusual punishment, and denied him "medical treatment based solely upon plaintiff's race and/or religious beliefs, while providing the same treatment to others." *Id*. at ¶¶ 10-13. Based on these facts, Plaintiff alleges that Defendants violated his rights under the First, Eighth and Fourteenth Amendments of the United States Constitution. *Id*. at ¶¶ 27, 30, 34. Plaintiff contends that each violation occurred "either because of Francisco Rivero's failure to supervise, instruct, train and/or to establish proper policy; and/or because of the policies, practices, and/or procedures of the [California Forensics Group]; and/or it was because of plaintiff's race and/or religious beliefs" that Grisby denied Plaintiff access to a wheelchair and no-standing chrono. *Id*. at ¶¶ 26, 29, 32.

Plaintiff does not allege that he had any contact with Rivero, that Rivero made any of the medical decisions of which Harris complains, or that Rivero was directly involved in any decision pertaining to Harris' care. He alleges that Rivero is responsible for "authorizing, supervising and/or training employees for enforcing, upholding, and/or protecting [the law.]" FAC ¶ 7.

Plaintiff does not identify a policy, practice, or custom by Lake County that led to or ratified the conduct of Grisby or the unidentified "custodial staff."

## DISCUSSION

**A.    Legal Standard**.

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Proc. 8(a). While Rule 8 "does not require 'detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Dismissal under Rule 12(b)(6) is appropriate if the complaint does not give the defendant fair notice of a legally cognizable claim and the factual grounds on which it rests. *Twombly*, 550 U.S. at 555. To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. The plausibility standard requires a complaint to plead more than "facts that are 'merely consistent with' a defendant's liability." *Id*. (quoting *Twombly*, 550 U.S. at 557).

In considering whether the complaint is sufficient to state a claim, the court will take all well-pleaded, material allegations as true and construe them in the light most favorable to the plaintiff. *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, need not accept legal conclusions as true. *Iqbal*, 556 U.S. at 678; *see also In re Gilead Sciences Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). "A pleading that offers 'labels and conclusions' or 'a

formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*.

Dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) is appropriate where the allegations fail to state a claim upon which relief can be granted.

The Court must construe the FAC liberally because it was drafted by a *pro se* plaintiff. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When dismissing a complaint, courts generally are required to provide *pro se* litigants with "an opportunity to amend the complaint to overcome deficiencies unless it is clear that they cannot be overcome by amendment." *Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987). In determining whether amendment would be futile, courts examine whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990). Leave to amend should be liberally granted. *Id.* at 296-97.

**B.     Disregarding The Conclusory Allegations In The FAC, Plaintiff Fails To State A Claim Against Lake County and Rivero, And Fails To State A Claim Under The First Or Fourteenth Amendment Against Grisby.**

As he did in the original complaint, Harris alleges that Defendants violated three rights secured by the United States Constitution: (1) the Eighth Amendment's prohibition against cruel and unusual punishment; (2) the Fourteenth Amendment's prohibition against discrimination; and (3) the First Amendment right to the free exercise of his religion. He alleges that these rights were violated by persons acting under color of state law, and that the violations can be remedied by this Section 1983 action.

**1.     The FAC does not sufficiently allege that any discriminatory conduct occurred.**

Plaintiff alleges that Lake County, Rivero, and Grisby discriminated against him because of his religion and his race. FAC ¶¶ 11, 13, 27, 30, 34. On April 18, 2012, the Court dismissed Plaintiff's discrimination claims in the original complaint on a number of grounds. *See* Doc. No. 28

at 12, 15. The Court held that Plaintiff had failed to allege any facts showing that Defendants treated him differently than they treated any other inmate based on his religion and therefore did not state a claim for discrimination under the Fourteenth Amendment. *Id*. The Court dismissed the claim against Lake County and former defendant Mitchell *with prejudice* because Plaintiff had confirmed at the hearing that (1) his Fourteenth Amendment claim was based on Lake County's "anti-marijuana" policy that applied equally to all inmates, and (2) he did not allege that the denial of a wheelchair or no-standing chrono were motivated by any discriminatory intent. *Id*.

Plaintiff amended the complaint to allege that all Defendants discriminated against him based on both his race and his religion. FAC ¶¶ 11, 13, 27, 34. Despite his representations to the contrary at the prior hearing, Plaintiff now alleges that the denial of a wheelchair and no-standing chrono was the result of discrimination. Even if they were not squarely contradicted by Plaintiff's original complaint, Plaintiff's new discrimination claims must be dismissed because they are purely conclusory and unsupported by any well-pleaded factual allegations. Simply put, Plaintiff did not plead "factual content" that allows this Court to "draw a reasonable inference" that any of the defendants discriminated against Plaintiff based on his race or religion, or that their actions were in any way, shape, or form motivated by Plaintiff's race or religion. *See Iqbal*, 556 U.S. at 678-79. Plaintiff instead offers purely conclusory allegations of discrimination. *See* FAC ¶¶ 11, 13, 27, 30, 34. For example, Plaintiff's most specific allegation pertaining to discrimination is that he was subject "to disciplinary reprisals based solely upon plaintiff's race, religious beliefs and/or medical condition, while other individuals in the jail facility were not." *Id*. at ¶ 34. The Court can and will disregard such conclusory allegations on a motion to dismiss. *See Iqbal*, 556 U.S. at 678-81 (allegations that defendants "knew of, condoned, and willfully and maliciously agreed" to violate plaintiff's rights "as a matter of policy, solely on account of [his] religion, race, and/or national origin and for no legitimate penological interest" were "bare assertions" that "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional discrimination claim" and insufficient to state such a claim); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Disregarding the conclusory statements in the FAC, the FAC does not state a claim that any of the defendants discriminated against Plaintiff on the basis of his race or religion.

Because Plaintiff has failed to sufficiently plead allegations of discrimination, the Court will dismiss the Fourteenth Amendment claim against Lake County and Rivero pursuant to Rule 12(b)(6), and will dismiss the Fourteenth Amendment claim against Grisby pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Because Plaintiff already has been given leave to amend his discrimination claims and failed to plead any allegations that were not conclusory, the Court concludes that giving further leave to amend would be futile. Plaintiff's Fourteenth Amendment claims against all Defendants therefore will be dismissed with prejudice.

**2.      The FAC does not sufficiently allege a free exercise claim.**

The Court previously dismissed Plaintiff's free exercise claim against Lake County and Mitchell with prejudice, as it was based entirely on the denial of medical marijuana. *See* Doc. No. 28 at 12-13. Because the Court screened the claims against Grisby after she answered the original complaint, and Plaintiff thus did not have the opportunity to oppose a motion to dismiss, the Court dismissed the free exercise claim against Grisby with leave to amend. *Id*. at 13. Because the free exercise claim against Lake County was dismissed with prejudice, the Court only addresses that claim as it pertains to Grisby and new defendant Rivero.

To state a free exercise claim, Plaintiff must allege that defendants burdened the practice of his religion without any justification reasonably related to a legitimate penological interest. Doc. No. 28 at 13. The FAC does not adequately allege these elements. At its most specific, the FAC alleges that "Defendant Grisby knew that the denial to plaintiff of a wheelchair for the treatment of his 'low back pain' despite knowledge that plaintiff's religious beliefs prohibited the use of pharmaceuticals and narcotics from the treatment of that pain; could, would and did subject plaintiff to religious discrimination in violation of plaintiff's rights as secured by the First Amendment to the U.S. Constitution." FAC ¶ 27. Construing these allegations liberally as the Court must, it appears that Plaintiff alleges that (1) his religion prevents him from taking pain medication; (2) standing and walking without pain medication caused him pain; and (3) because of the denial of a wheelchair, he was forced to choose between enduring pain because of his religious beliefs, or compromising those beliefs by accepting pain medication. Assuming *arguendo* that this allegation is sufficient to state the first element of a free exercise claim, Plaintiff does not allege that the denial of a wheelchair was

not reasonably related to a legitimate penological interest. Plaintiff's free exercise claim against Rivero will be dismissed pursuant to Rule 12(b)(6), and his free exercise claim against Grisby will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *See* Doc. No. 28 at 13.

Plaintiff may be able to state a free exercise claim against Grisby and thus will be given leave to amend the claim as to this defendant alone. For the reasons stated in Section 4, *infra*, Plaintiff cannot state a claim against Rivero, and the free exercise claim as to that defendant will be dismissed with prejudice. The free exercise claim against Lake County already was dismissed with prejudice.

### 3. Plaintiff fails to state any claim against Lake County.

Even if the FAC adequately alleged that any constitutional violations occurred and that Plaintiff was injured by such violations, the FAC fails to state a claim against Lake County. As the Court noted in its prior order dismissing Plaintiff's claims, a Section 1983 claim against a municipality cannot be based solely on injuries inflicted by a municipality's employee or agent. Doc. No. 28 at 9. Plaintiff was required to plead that his injuries either were caused by the implementation of official policies or established customs or were caused by acts or omissions amounting to official policy of the municipality; or that an official ratified the unconstitutional act or decision of an employee of the municipality. *Id*. (citing *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1249-50 (9th Cir. 2010)). As described above, Plaintiff in the FAC has failed to identify any actual or *de facto* official policy or custom or any official ratification that led to the denial of a wheelchair or no-standing chrono. Plaintiff instead provides a laundry list of possible alternative causes for his alleged injuries, one of which is "the policies, practices, or procedures of the" Lake County Jail. *See* FAC ¶¶ 26, 29, 32. These allegations are conclusory and the Court will disregard them in evaluating the sufficiency of the FAC. *See Iqbal*, 556 U.S. at 678-81.

At the hearing on the first motion to dismiss, Plaintiff stated that the only policy at issue in this action was Lake County's "anti-marijuana" policy, and the Court noted that it was unclear whether Plaintiff alleged any other claims against Lake County. *See* Doc. No. 28 at 9. Because Plaintiff was proceeding in *pro se*, the Court granted him leave to amend his complaint to attempt to state a claim against Lake County. The Court gave Plaintiff specific guidance at the hearing and in a written order. Plaintiff's failure to plead "factual content that allows the court to draw the

7

reasonable inference that the defendant is liable for the misconduct alleged" (*Iqbal*, 556 U.S. at 678), demonstrates that giving Plaintiff leave to amend a second time would be futile. The claims against Lake County accordingly will be dismissed for failure to state a claim, without leave to amend.

### 4. Plaintiff fails to state any claim against Rivero in his official or individual capacity.

Even if the FAC adequately alleged that any constitutional violations occurred and that Plaintiff was injured by such violations, the FAC fails to state a claim against defendant Rivero. Rivero is only named in his official capacity. *See* FAC ¶ 7. As the Court explained in dismissing all claims against former defendant Mitchell, claims against the Lake County Sheriff in his official capacity are redundant of the claims against Lake County. Doc. No. 28 at 11 (citing *Vance*, 928 F. Supp. at 996); *see also Haines v. Brand*, 2011 U.S. Dist. LEXIS 138972, *9-*11 (N.D. Cal. Dec. 2, 2011) (dismissing city officials as "unnecessary parties" to Section 1983 lawsuit where city was named as defendant). The Court accordingly will dismiss all claims against Rivero in his official capacity.

Plaintiff argues that his failure to name Rivero in his individual capacity was a "technical error." Doc. No. 32 (Opp'n to Motion to Dismiss) at 2. In order to forestall another round of pleading, the Court *sua sponte* construes Plaintiff's opposition as a motion to correct a typographical error in the FAC, and dismisses any claim brought against Rivero in his individual capacity. Any claim against Rivero in his individual capacity must be dismissed because Plaintiff does not allege any facts showing that Rivero was personally involved in the deprivation of any of his rights. Section 1983 liability cannot be imposed on the basis of *respondeat superior*, and a plaintiff seeking to hold a supervisor liable must show either personal involvement by the supervisor in the constitutional deprivation, or a sufficient causal connection between the supervisor's wrongful conduct and the violation. *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011); *see also Preschooler II v. Clark County School Bd. of Trustees*, 479 F.3d 1175, 1183 (9th Cir. 2007) (Section 1983 liability can be imposed for (1) supervisor's own action or inaction in training, supervision, or control of subordinates, (2) supervisor's acquiescence in violations, or (3) conduct by supervisor that shows "reckless or callous indifference to the rights of others"); *Taylor v. List*, 880 F.2d 1040, 1045

(9th Cir. 1989) (supervisor can only be found liable under section 1983 for constitutional violations if he participated in the violations, or knew of the violations and failed to act to prevent them). "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights. Liability under § 1983 must be based on the personal involvement of the defendant." *Barren*, 152 F.3d at 1194.

The Court set out these legal standards in its order dismissing former Sheriff Mitchell (Doc. No. 28), and Plaintiff thus was provided ample notice and guidance regarding the requirements for pleading a claim against Rivero in his individual capacity. Plaintiff nonetheless does not allege any facts showing that Rivero was directly involved in denying him access to a wheelchair or a no-standing chrono, or that there was a causal connection between Rivero's actions or inactions and the alleged Constitutional violations. Instead, Plaintiff relies on purely conclusory allegations that the events occurred "either because of Francisco Rivero's failure to supervise, instruct, train and/or to establish proper policy; and/or because of the policies, practices, or procedures of the [Jail], and/or because of the policies, practices, and/or procedures of the CFG; and/or it was because of" Grisby. FAC ¶¶ 26, 29, 32. The only other specific reference to Rivero is a listing of his title and duties. *Id*. at ¶ 7. Plaintiff does not allege that Rivero had any role in evaluating his medical condition or denying him access to a wheelchair or no-standing chrono; nor does Plaintiff allege Rivero was even aware that Plaintiff was denied access to a wheelchair and no-standing chrono. While he alleges that Rivero is responsible for supervising and training employees (*Id*. at ¶ 7), Plaintiff alleges that Grisby is not an employee of the Lake County Jail, but of the California Forensic Group (*Id*. at ¶ 8). For the same reasons that this Court dismissed Plaintiff's claims against former defendant Mitchell (Doc. No. 28 at 10-11), any claims against Rivero in his individual capacity also will be dismissed.

Plaintiff originally sued Mitchell, who in fact was not Sheriff when the events of which Plaintiff complains took place. After his claims against Mitchell were dismissed, he sued Rivero. The allegations against Rivero in the FAC are identical in all material respect to those Plaintiff made against Mitchell in the original complaint. It is apparent to the Court that Plaintiff cannot state any claim against Rivero in either his official or individual capacity, and that allowing Plaintiff leave to amend a second time would be futile. For this reason, the Court will dismiss the claims against Rivero in his official and in his individual capacity without leave to amend.

**CONCLUSION**

For the reasons set forth above, all of Plaintiff's claims against Lake County and Francisco Rivero are dismissed with prejudice. Also for the reasons set forth above, Plaintiff's Fourteenth Amendment claim against Grisby is dismissed with prejudice, and his First Amendment claim against Grisby is dismissed with leave to amend.

**Plaintiff may file a second amended complaint against Grisby within twenty days of this order. Grisby shall not respond to any second amended complaint until the Court has screened it for compliance with this Order and ordered Grisby to respond. If Plaintiff does not file a second amended complaint, the action will proceed solely as an Eighth Amendment claim against Grisby based on the denial of a wheelchair and no-standing chrono.**

The clerk of the court shall terminate Rivero and Lake County as defendants in this action.

A case management conference will be held on August 7, 2012 at 2 p.m., in Courtroom 205 at the United States District Court for the Northern District of California in Eureka, California. Plaintiff and Grisby are directed to meet and confer on or before July 24, 2012, and to submit a joint case management statement no later than July 31, 2012.

This matter is referred to Magistrate Judge James for settlement purposes. Judge James shall set a conference date and a notice shall be sent to the parties.

**IT IS SO ORDERED**.

Dated: June 27, 2012

NANDOR J. VADAS
United States Magistrate Judge