United States District Court
Northern District of California

| | |
|---|---|
| JAMES LA VELL HARRIS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>LAKE COUNTY, et al.,<br><br>　　　　Defendants. | Case No.: 1:11-cv-06209-NJV<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE AND REQUEST FOR SANCTIONS AND REQUIRING PARTIES TO MEET AND CONFER**<br>**(Doc. No. 55)** |

After the undersigned ordered defendant K.C. Grigsby to produce plaintiff James La Vell Harris' medical files, Grigsby filed notices representing that "all of plaintiff's medical file from Lake County Jail" was produced on August 24, 2012, and that additional pages from the file were produced on September 7, 2012 and September 20, 2012. *See* Doc. Nos. 41-43 & 45. On September 17, 2012, Harris filed a motion to compel documents, which the undersigned denied without prejudice for failure to meet and confer as required by N.D. L.R. 37-1(a). *See* Doc. Nos. 44 & 46. The undersigned also required the parties to meet and confer telephonically and explained that if a motion still was necessary after the conference call, Harris could file a new motion to compel focusing on any remaining, unresolved issues. Doc. No. 46. After filing his motion to compel, Harris received a "Background Check," showing he was arrested multiple times since 2001. Doc. No. 55. Harris contends that the Background Check establishes that Grigsby withheld documents because Harris received medical records relating only to four of his arrests. (The undersigned notes that the Background Check lists four arrests, four warrants and six citations. *Id.*)

　Harris did not file a new motion to compel based on this perceived omission; instead, he filed the instant Request for Judicial notice and Request for Sanctions against Grigsby. *See* Doc.

No. 55. The request for sanctions therefore appears to be another means of moving to compel the production of additional documents from his medical file.

Harris' motion is inadequate for two reasons. First, it does not acknowledge Grigsby's September 20, 2012 production of additional documents. It therefore is possible that Grigsby cured any deficiencies in the earlier productions. Second, Harris again has failed to certify that he met and conferred with Grigsby. The undersigned therefore denies the motion on the ground that Plaintiff failed to certify that he had met and conferred with Grigsby. *See* N.D. L.R. 37-1(a). Once again, the undersigned notes that the questions Harris raises are the type of questions that should be resolvable through the meet and confer process. The undersigned therefore once again orders the parties to meet and confer telephonically within the next fourteen days. Within seven days of the conference call, Grigsby and Harris each may file a 3 page letter brief setting forth their contention regarding the completeness of the production and the status of their meet and confer efforts. The undersigned will take the matter under submission without oral argument, pursuant to Local Rule 7-1(b).

Dated: October 23, 2012

_____
Nandor J. Vadas
United States Magistrate Judge